1  EMPLOYMENT LAWYERS GROUP
   KARL GERBER, SBN: 166003
2  ANN GULESER, SBN: 210790
3  13418 Ventura Boulevard
   Sherman Oaks, California 91423
4  Telephone:  818 783 7300
   Facsimile:   818 995 7159
5

6
   Attorneys for Plaintiffs
7  NELSON CAMPBELL, and MARK VALLES

8
                 UNITED STATES DISTRICT COURT
9

10        FOR THE EASTERN DISTRICT OF CALIFORNIA

11
   NELSON CAMPBELL, an individual;  )  CASE NO.: 20-CV-00901-NONE-JLT
12 MARK VALLES, an individual;       )
                                     )
13                                   )  **SECOND AMENDED COMPLAINT FOR**
                  Plaintiffs,        )  **DAMAGES AND DEMAND FOR JURY**
14                                   )  **TRIAL EXCEPT THE EIGHTH AND**
                                     )  **THE NINTH CLAIMS BASED UPON:**
15       vs.                         )
                                     )
16                                   )  **1.  MINIMUM WAGE VIOLATIONS;**
   FMC TECHNOLOGIES SURFACE          )  **2.  CALIFORNIA**
17 INTEGRATED SVCS; and DOES 1       )      **OVERTIME/DOUBLE TIME**
18 through 100 inclusive             )      **VIOLATIONS;**
                                     )  **3.  VIOLATION OF CALIFORNIA**
19                Defendants.        )      **CONTROLLED STANDBY**
                                     )      **AND/OR REPORT TIME LAW;**
20                                   )  **4.  COMMON COUNT FOR WORK**
                                     )      **AND LABOR PERFORMED**
21                                   )      **(QUANTUM MERIUT);**
                                     )  **5.  CALIFORNIA LABOR CODE**
22                                   )      **SECTION 226 PENALTIES;**
                                     )  **6.  CALIFORNIA LABOR CODE**
23                                   )      **SECTION 2802 VIOLATIONS;**
                                     )  **7.  CALIFORNIA LABOR CODE**
24                                   )      **SECTION 201, 202 AND 203**
                                     )      **PENALTIES;**
25                                   )  **8.  MEAL BREAK VIOLATIONS;**
26                                   )
27
28

                          1

|  | ) | **9.   REST BREAK VIOLATIONS;** |
|---|---|---|
|  | ) | **10. BUSINESS & PROFESSIONS** |
|  | ) | **CODE VIOLATIONS;** |
| _____ | ) | **11. PENALTIES PURSUANT TO** |
|  | ) | **LABOR CODE SECTION 2699.** |

Plaintiffs, NELSON CAMPBELL, and MARK VALLES complain and allege as follows:

### GENERAL ALLEGATIONS
### (AGAINST ALL DEFENDANTS)

1.      At all times herein mentioned Plaintiff, NELSON CAMPBELL ("Plaintiff"), was and is a resident of the County of Kern, State of California.

2.      At all times herein mentioned Plaintiff, MARK VALLES ("Plaintiff"), was and is a resident of the County of Kern, State of California.

3.      At all times herein mentioned, Defendant, FMC TECHNOLOGIES SURFACE INTEGRATED SVCS (hereinafter "FMC") has been a Colorado corporation with a principal place of business in Houston, Texas and   employed Plaintiff out of 1017 Carrier Parkway, Bakersfield, CA 93308. Because the Defendant is a foreign corporation, Plaintiff is a California resident, domiciled in California, the amount in controversy exceeds $75,000.

4.      Plaintiffs are ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100

SECOND AMENDED COMPLAINT

inclusive and so the Plaintiff sues them by these fictitious names. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

5.    Plaintiff MARK VALLES worked for Defendant as an assembler (assembled equipment to get ready to be installed in the oil field) from on or about September 13, 2017 to on or about June 15 2020. He last earned $20.00 an hour regular.

6.    Plaintiff NELSON CAMPBELL worked for Defendant as a service technician in Bakersfield California from on or about March 13, 2013 to March 20, 2020. He last earned $29.75 an hour regular.

7.    Plaintiffs were nonexempt employees. Plaintiffs performed physical and repetitive labor for Defendant on the Chevron Lease oil field in Bakersfield. They were paid hourly wages and earned considerable overtime and double time.

8.    Plaintiffs worked on call 24 hours seven days a week. All of their hours were controlled, by Defendant. Plaintiffs are both subject to Defendant's on-call practices. They are supposed to pick up their phones immediately and arrive at the shop when they get the call. People are disciplined if they do not pick up their phones fast enough. Plaintiffs could not be free to do anything like a family dinner out or a movie without interruption. If Defendant called Plaintiffs, they would have to answer their phones, stop everything and go to work.

SECOND AMENDED COMPLAINT

9.   None of the Plaintiffs were paid for the time they spend waiting to be called into work notwithstanding they were supposed to answer their phones immediately when called for work, and report into the shop immediately.

10.   NELSON CAMPBELL had to use his own cell phone for work calls from March 13, 2013 to December 2019 for which he is claiming compensation.

11.   MARK VALLES had to use his own cell phone for work calls from September 13, 2017 to August 2018 for which he is claiming compensation.

12.   Unless otherwise allege in this complaint, the Plaintiff is informed, and on the basis of that information and belief allege that at all times herein mentioned, each of the remaining codefendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his codefendant.

13.   All of the foregoing and following actions taken towards the Plaintiffs that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiffs.

\\

\\

\\

\\

SECOND AMENDED COMPLAINT

## FIRST CLAIM
## MINIMUM WAGE VIOLATIONS
## (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)

14.    Plaintiffs reallege the information set forth in Paragraphs 1-13 and incorporate those paragraphs as though fully stated in this claim.

15.    Plaintiffs were not paid any wages for being on restricted on-call/standby. Due to the restricted nature of Plaintiffs' lives and their time on call primarily benefitting Defendant when they were not being paid, California Labor Code Section 1194 was violated by not paying Plaintiffs minimum wage to wait and be available for the calls. In addition, Plaintiffs were not paid any wage for every time they answered their work phone when on-call.

16.    Plaintiffs pray for relief under California Labor Code Sections 1194 and 1194.2 including liquidated damages to pay Plaintiffs minimum wage for all hours on call and worked, attorney fees, and costs. Plaintiffs also pray for California Labor Code Section 1197.1 civil penalties of $250.00 per pay period when was not paid minimum wage for each hour worked.

\\

\\

\\

\\

SECOND AMENDED COMPLAINT

## SECOND CLAIM
## OVERTIME & DOUBLE TIME VIOLATIONS
## (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)

17.     Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, and incorporate those paragraphs as though fully stated in this claim.

18.     Based upon the number of hours Plaintiffs worked in a day and/or were waiting to be called to work which primarily benefitted Defendant, Plaintiffs are entitled to overtime and double time for many of the hours Plaintiffs were on restricted on-call waiting to be called for work. Moreover, being on call 24 hours a day during their on-call rotations caused the hours Plaintiffs were paid for as part of a 40-hour 8-hour a day work week to be overtime and double time hours. Plaintiffs are entitled to double time if they worked on the 7th consecutive day without a day off which did occur during their employment with Defendant. Accordingly, California Labor Code Sections 1194 requires the Plaintiffs to receive overtime and double time, and so does California Labor Code Section 510.

19.     Defendant also failed to pay the correct rate of pay for overtime and double time. They provided fixed rate bonuses. There was a fixed rate bonus of $23 for being in the field approximately 3 hours or less, and another that was $46 for being in the field approximately more than 3 hours for the day. Whatever sums were paid for fixed rate bonuses were not figured into overtime or double time pay as required by law.

20.     Plaintiff prays for relief under California Labor Code Section 1194 including

unpaid overtime, double time, attorney fees, and costs.


### THIRD CLAIM
### VIOLATION OF CALIFORNIA CONTROLLED STANDBY AND/OR
### REPORT TIME LAW
### (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)


21.     Plaintiffs reallege the information set forth in Paragraphs 1-13,

Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, and

incorporate those paragraphs as though fully stated in this Claim.

22.     California law recognizes the concept of controlled standby being

compensable pay. The 2002 Division of Labor Standards Enforcement Polices and

Interpretations Manual Section 46.6.3 defines time spent waiting as hours in which

employees must merely wait for something to happen, and specifies these hours

constitute hours worked. Section 46.6.3 cites to Madera v. City of Madera, 36 Cal.3d

403 (1984); Armour v. Wantock, 323 U.S. 126 (1944); Skidmore v. Swift, 323 U.S.

134 (1944).  Section 47.5.1. of the manual indicates on-call time must be paid at least

minimum wage unless there is an agreement to pay another rate which does not fall

below minimum wage. Section 47.5 of the manual relies on Owens v. Local, 971 F.2d

347, 354 (9th Cir. 1992) as to what factors are considered in determining whether

standby is controlled thereby subjecting the employer to payment to the employee for

the time spent on call which include the inability to reject calls, consequences for

refusing a call or expressing an unwillingness to take the call, the promptness of the call.  Section 47.5.6.1 states essentially the same. A number of California cases including Seymore v. Melton, 194 Cal.App.4th 361 (2011), and Mendiola v. CPS Security, 60 Cal.4th 833 (2015) being the last, essentially adopt these positions in the Enforcement Manual and the authorities cited above in this paragraph. Other California bases of authority for on call time being compensable include Title VIII of the California Code of Regulations Section 11160(2)(J), and California law recognizes the concept of controlled standby being compensable pay. The 2002 Division of Labor Standards Enforcement Polices and Interpretations Manual Section 46.6.3 defines time spent waiting as hours in which employees must merely wait for something to happen, and specifies these hours constitute hours worked. Section 46.6.3 cites to Madera v. City of Madera, 36 Cal.3d 403 (1984); Armour v. Wantock, 323 U.S. 126 (1944); Skidmore v. Swift, 323 U.S. 134 (1944).  Section 47.5.1. of the manual indicates on-call time must be paid at least minimum wage unless there is an agreement to pay another rate which does not fall below minimum wage. Section 47.5 of the manual relies on Owens v. Local, 971 F.2d 347, 354 (9th Cir. 1992) as to what factors are considered in determining whether standby is controlled thereby subjecting the employer to payment to the employee for the time spent on call which are the largely discipline or adverse consequences for failing to take a call, a mandatory requirement a call be taken, and an urgency in which a call must be answered which

SECOND AMENDED COMPLAINT

leads to geographic restrictions. Section 47.5.6.1 states essentially the same. Other

California bases of authority for on call time being compensable include Title VIII of

the California Code of Regulations Section 11160(2)(J) states time worked includes

all time the employee is subject to the control of an employer, and includes all the

time the employee is suffered or permitted to work, whether or not required to do so

as well as all of the Wage Order and Codes of regulations specify the same to the

extent to which any of Plaintiffs' work could be considered to fall under those Wage

Orders) contains which defines hours worked to be the time which the employee is

subject to control of the employer including time suffered or permitted to work

whether or not required to do so.

23.    In the alternative or in addition, if allowed, Plaintiffs contend they are

entitled to Reporting Time Pay which means the employee reports to work and is not put

to work. California Code of Regulations Title VIII Section 11160(5) requires reporting

time pay to be paid of at least 4 hours per work day for reporting in when on-call which

includes time spent answering the phone and communicating with Defendant, and

Industrial Welfare Commission Order No 16-2001(5) states the same. There are many

reports in Plaintiffs had to do while on-call for which they were not paid one half of their

regular hourly pay or four hours of pay. Plaintiffs contend 4 hours of pay is not the

measure because their work days were not merely eight hours a day. Plaintiffs were under

controlled standby. Every hour of controlled standby must be paid at minimum wage and

SECOND AMENDED COMPLAINT

potential overtime and double time. Plaintiffs pray for relief under these reporting time pay theories including penalties under Section 20 of 11160 which are $50 for the first violation and $100 for each subsequent violation.

24.     Under this Claim Plaintiffs pray for all relief available under the authorities pled in this Claim in order to compensate Plaintiffs for what California recognizes as controlled standby and/or reporting time pay. This includes, but is not limited to, attorney fees under California Labor Code Section 218.5, interest under 218.6, and attorney fees under California Labor Code Section 1194.

**FOURTH CLAIM**
**COMMON COUNT FOR WORK AND LABOR PERFORMED**
**(QUANTUM MERIUT)**
**(AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)**

25.     Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, and incorporate those paragraphs as though fully stated in this Claim.

26.     Plaintiffs were not fully paid for all of Plaintiffs' efforts at Defendant. These efforts include having to make themselves available for work, and a cell phone call to work on a moment's notice, twenty-four hours a day when on-call six days a week. The manner in which Plaintiffs had to be available twenty-four hours a day constitutes compensable time under the theory of controlled standby/on call. Although the Plaintiffs'

SECOND AMENDED COMPLAINT

lives were severely restricted as pled earlier in this complaint, Plaintiffs were not paid any compensation for having to make Plaintiffs available for work twenty-four hours a day. This arrangement allowed Defendant, to avoid paying considerable wages it would cost to have Plaintiffs waiting at the shop ready to work, and additional crews for additional shifts 24/7. Defendant tied up Plaintiffs' lives not allowing them to work elsewhere, travel outside of their geography, further their education, engage in chosen activities, or do anything that required commitment and focus while they were just waiting for an on-call work assignment. Plaintiffs also performed hours of work on the phone they never paid.

27.    Plaintiffs pray to be compensated for the reasonable value of their services and for the work and labor Plaintiffs performed at the actual rate per hour they agreed to work and the accompanying overtime and double time rates if they applied, but Plaintiffs were not paid for every hour worked and not paid including time spent waiting to be called into work while on-call.

**FIFTH CLAIM**
**CALIFORNIA LABOR CODE SECTION 226 PENALTIES**
**(AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)**

28.    Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the

Third Claim, Paragraphs 25-27 of the Fourth Claim, and incorporate those paragraphs as though fully stated in this Claim.

29.     Defendant violated California Labor Code Section 226 by failing to indicate the correct number of hours Plaintiffs worked on each paystub because restricted on-call and standby pay was not enumerated in terms of hours worked or hourly rate. The rates of pay were all wrong. The number of hours reported were wrong for straight time, overtime, and double time. None of the computations included time spent waiting to be called into work or time spent on the phone before coming into Defendant's shop. Defendant made Plaintiffs worked through their meal and rest breaks. Defendant violated California Labor Code Section 226 by failing to pay meal and rest break penalties to Plaintiffs each day that Plaintiffs worked without breaks which resulted in failure to provide proper itemizations on checks in violation of California Labor Code Section 226. All of the computations about hourly rates and overtime were wrong due to the time spent on-call and/or at home fielding calls. The checks also failed to indicate the rate of pay for overtime and double time. This failure may have been intentional because fix rated bonuses were not calculated into overtime and double time rates.

30.     Plaintiffs pray for statutory California Labor Code Section 226(e) damages of $50.00 for the first violation and $100.00 for each subsequent violation.

31.     Plaintiffs prays for injunctive relief under California Labor Code Section 226(h) as well as attorney fees and costs in doing so.

32.    Plaintiffs pray for attorney fees and costs under California Labor Code Section 218.5 and interest under 218.6.

**SIXTH CLAIM**
**CALIFORNIA LABOR CODE SECTION 2802 VIOLATIONS**
**(AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)**

33.    Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, Paragraphs 25-27 of the Fourth Claim, Paragraphs 28-32 of the Fifth Claim and incorporate those paragraphs as though fully stated in this Claim.

34.    Defendant required the Plaintiffs to this claim to use their own cellular phones, and use them throughout their shifts. Defendant regularly communicated with Plaintiffs on their cellular phones while at work, and when on-call. Plaintiffs' cell phone had to be carried around wherever Plaintiffs went when they were waiting to be called into work, and was the means of contacting Plaintiffs to start work when they were on-call.

35.    NELSON CAMPBELL had to use his own cell phone for work calls from March 13, 2013 to December 2019 for which he is claiming compensation. MARK VALLES had to use his own cell phone for work calls from September 13, 2017 to August 2018 for which he is claiming compensation.

SECOND AMENDED COMPLAINT

36.     Plaintiffs pray for reimbursement for cellular phone bills during the period of time they were employed by Defendant within the statutory period of this California Labor Code Section 2802 Claim which they contend is three years from the date this lawsuit was filed.

37.     Plaintiffs pray for attorney fees and costs under California Labor Code Section 2802c for the purpose of enforcing their rights in this Claim under California Labor Code Section 2802.

**SEVENTH CLAIM**
**CALIFORNIA LABOR CODE SECTION 201, 202 AND 203 PENALTIES**
**(AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)**

38.     Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, Paragraphs 25-27 of the Fourth Claim, Paragraphs 28-32 of the Fifth Claim, Paragraphs 33-37 of the Sixth Claim, and incorporate those paragraphs as though fully stated in this Claim.

39.     Plaintiffs were not paid all due wages within 72 hours of their resignation. Plaintiffs are owed minimum wages, overtime and double time pay as stated in the First and Second Claims. Plaintiffs prays for California Labor Code Section 203 penalties due to violations of California Labor Code Section 201 and 202.

SECOND AMENDED COMPLAINT

40.     Plaintiffs pray for California Labor Code Section 203 penalties as well as attorney fees and costs under California Labor Code Section 218.5 and interest under California Labor Code Section 218.6.

## EIGHTH CLAIM
## MEAL BREAK VIOLATIONS
## (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)

41.     Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, Paragraphs 25-27 of the Fourth Claim, Paragraphs 28-32 of the Fifth Claim, Paragraphs 33-37 of the Sixth Claim, Paragraphs 38-40 of the Seventh Claim, and incorporates those paragraphs as though fully stated in this cause of action.

42.     Throughout their employments, Plaintiffs worked at Defendant's oil fields assembled equipment and performing service technician duties. While at the oil field, there was no opportunity provided to Plaintiffs to take a 30-minute uninterrupted meal break. Plaintiffs were not able to take meal breaks because when they were conducting time sensitive procedures, there was no other worker to take over their duties allowing Plaintiffs an opportunity to take breaks. The work Plaintiffs performed did not give them an opportunity to leave for a break. They had to constantly work and monitor progress in order to safely conduct their job duties.  Plaintiffs were forced to work through all of their

meal breaks, while working at the oil field for Defendant.  Defendants failed to pay Plaintiffs daily premiums for missed meal periods.

43.     California Labor Code § 512 specifies when employees are to get meal breaks. California Labor Code § 226.7 sets for the penalty scheme which *Murphy* Court has interpreted to be a wage. California Labor Code §516 further allows the Industrial Welfare Commissions to make orders about meal periods. The rate of pay for a messed meal break is an hourly wage. The penalty for a missed meal break is an hourly wage as a meal break premium.  Plaintiffs pray missed meal break premiums for the meal breaks they were not given the opportunity to take which was when they worked on the oil fields.

44.     Under the California Labor Code Section 226.7, if an employer fails to provide an employee a meal period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that for each of the meal period that is not provided and or not able to be taken by the statutory times in Plaintiffs' shifts prescribed by law. The applicable Industrial Welfare Commission Order applicable to Plaintiffs who worked on-site in the construction, drilling industry is Order Number 16-2001 Sections 11, and 18.

45.     According to the Order Number 16-2001 Section 18, Plaintiffs claim as follows: (1) Initial Violation - $50.00 for each underpaid employee for each pay period

during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered.

## NINTH CLAIM
## REST BREAK VIOLATIONS
## (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)

46.    Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, Paragraphs 25-27 of the Fourth Claim, Paragraphs 28-32 of the Fifth Claim, Paragraphs 33-37 of the Sixth Claim, Paragraphs 38-40 of the Seventh Claim, Paragraphs 41-45 of the Eighth Claim and incorporates those paragraphs as though fully stated in this cause of action.

47.    Throughout their employments, Plaintiffs worked at Defendant's oil fields assembled equipment and performing service technician duties. While at the oil field, there was no opportunity provided to Plaintiffs to take 10-minute uninterrupted rest breaks. The work Plaintiffs performed did not give them an opportunity to leave for a break. They had to constantly work and monitor progress in order to safely conduct their job duties.  Plaintiffs were forced to work through all of their rest breaks while working

SECOND AMENDED COMPLAINT

at the oil field for Defendant.  Plaintiffs were not able to take their rest breaks because when they were conducting time sensitive procedures, and there was no other worker to take over their duties allowing Plaintiffs an opportunity to take rest breaks. Defendants failed to pay Plaintiffs daily premiums for missed rest periods.

48.     California Labor Code § 512 specifies when employees are to get meal and rest breaks. California Labor Code § 226.7 sets for the penalty scheme which *Murphy* Court has interpreted to be a wage. California Labor Code §516 further allows the Industrial Welfare Commissions to make orders about rest periods. The rate of pay for a messed rest break is an hourly wage. The penalty for a missed rest break is an hourly wage as a rest break premium.  Plaintiffs pray missed rest break premiums for the rest breaks they were not given the opportunity to take when they worked on the oil fields.

49.     Under the California Labor Code Section 226.7, if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that for each of the rest period that is not provided and or not able to be taken by the statutory times in Plaintiffs' shifts prescribed by law. The applicable Industrial Welfare Commission Order applicable to Plaintiffs who worked on-site in the construction, drilling industry is Order Number 16-2001 Sections 11, 12, and 18.

50.    According to the Order Number 16-2001 Section 18, Plaintiffs claim as follows: (1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered.

**TENTH CLAIM**
**BUSINESS & PROFESSIONS CODE VIOLATIONS**
**(AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)**

51.    Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, Paragraphs 25-27 of the Fourth Claim, Paragraphs 28-32 of the Fifth Claim, Paragraphs 33-37 of the Sixth Claim, Paragraphs 38-40 of the Seventh Claim, Paragraphs 41-45 of the Eighth Claim, Paragraphs 46-50 of the Ninth Claim and incorporate those paragraphs as though fully stated in this Claim.

52.    Defendant violated California Business and Professions Code Section 17200 by violating the laws and statutes alleged in all claims other than common counts. These statutes are required of California employers. By violating these statutes Defendant saved millions of dollars a year in labor costs while violating the California Labor laws

pled in this lawsuit. These practices allowed Defendant to underbid and undercut as well as to promise services they could not render when their competitors who complied with California Labor laws by providing 24 hour a day coverage opposed to making their employees sit at home waiting to be called into work when not compensated for that. Defendant also failed to pay the Plaintiffs in the Sixth Claim for their cell phones when case law has required the reimbursement for cell phones and necessary business expenses. It was also unfair, deceptive, and fraudulent not to pay Plaintiffs for all hours worked, and to fail to pay Plaintiffs overtime and double time rates due under California law, and not reimburse the three Plaintiffs for their cell phones. Defendants refused to allow an opportunity to Plaintiffs to take meal and rest breaks, made Plaintiffs work through their breaks, and failed to pay meal and rest break penalties to Plaintiffs each day that Plaintiffs worked without breaks.

53.    Plaintiffs pray that California Business and Professions Code Section 17202 be utilized to enforce the labor laws specified in all causes of action and require Defendant to pay Plaintiffs for all unpaid wages due.

54.    Plaintiffs further prays that California Business and Professions Code Section 17203 be utilized to enjoin Defendant from further engaging in the unlawful and unfair business practices specified in this Claim.

55.    Under this Claim, Plaintiffs also pray that equitable relief be given including disgorgement of Defendant's profits, the payment to Plaintiffs of all money earned by

Defendant while violating the California Labor Code Sections specified in this lawsuit, restitutionary relief and all remedies under this Claim going back four years from the filing of this lawsuit. Plaintiffs further prays for equitable relief in Defendant being responsible for a judgment that pays Plaintiffs for unpaid wages based upon Plaintiffs' actual agreed hourly wages opposed to minimum wage and then overtime and double time based upon minimum wage.

### ELEVENTH CLAIM
### PENALTIES PURSUANT TO LABOR CODE SECTION 2699
### (AGAINST DEFENDANT FMC AND ALL DOE DEFENDANTS)

56.    Plaintiffs reallege the information set forth in Paragraphs 1-13, Paragraphs 14-16 of the First Claim, Paragraphs 17-20 of the Second Claim, Paragraphs 21-24 of the Third Claim, Paragraphs 25-27 of the Fourth Claim, Paragraphs 28-32 of the Fifth Claim, Paragraphs 33-37 of the Sixth Claim, Paragraphs 38-40 of the Seventh Claim, Paragraphs 41-45 of the Eighth Claim, Paragraphs 46-50 of the Ninth Claim, Paragraphs 50-55 of the Tenth Claim and incorporates those paragraphs as though fully stated in this cause of action.

57.    On July 16, 2020 Plaintiffs complied under the California Labor Code Section 2699.3 by exhausting administrative remedies under California Labor Code Section 2699, et. seq. by causing Exhibit 1 to this complaint to be filed with the Labor Workforce Development Agency/Department of Industrial Relations. The last page of

SECOND AMENDED COMPLAINT

Exhibit 1 is confirmation from the Labor Workforce Development Agency they received Exhibit 1. Exhibit 2 demonstrates Plaintiffs sent, via certified mail, a copy of the Exhibit 1 filing to the designated agent(s) for service of process of all named Defendants. In addition, Plaintiffs paid said agency the $75.00 filing fee for filing a PAGA action. More than the sixty-five days passed after the sending of Exhibit 1 before this First Amended Complaint was filed. The Labor & Workforce Development Agency did not indicate an intention to investigate, and Plaintiffs allege the corporate Defendant did not cure the violations specified in Exhibit 1. Under California Labor Code Section 2699.3C Plaintiffs exercise their statutory right to amend their existing complaint to add this Claim arising under California Labor Code Section 2699 65 days after the Labor & Workforce Development Agency ceased to indicate an intention to investigate and the Defendant failed to indicate they cured their practices.

58.    The PAGA group is defined as follows: All nonexempt assemblers and service technicians of FMC employed out of 1017 Carrier Parkway, Bakersfield, CA 93308, who were subject to Defendant's unpaid control on-call policies which they were subjected to whereby they were not paid any wages to wait to be called into work on their on-call rotation, going back one year from the date this charge is filed. There are more than 50 employees in the PAGA group. The PAGA group worked on call 24 hours seven days a week. All of their hours were controlled, by Defendant. They are subject to Defendant's on-call practices. They are supposed to pick up their phones immediately

and arrive at the shop when they get the call. People are disciplined if they do not pick up their phones fast enough. The PAGA group could not be free to do anything like a family dinner out or a movie without interruption. If Defendant called the PAGA group, they would have to answer their phones, stop everything and go to work. None of the PAGA group were paid for the time they spend waiting to be called into work notwithstanding they were supposed to answer their phones immediately when called for work, and report into the shop immediately.

59.     The illegal policy at issue creates violations of the underlying California Labor Code Sections, 226, 226.7, 510, 512, 516, 1194, and 1194.2, and 1197.1.

60.     The following California Labor Codes, for which 2699.3 penalties should be assessed for the benefit of all similarly aggrieved employees include:

a.     California Labor Code Sections 226.3, 226.4, and 226.6 were violated because the employer failed to properly provide employee wage deduction statements for each pay period during the statutory time as alleged in the Fifth Claim for 226 violations;

b.     Because not all wages were paid, California Labor Code Sections 204, 210, 215, and 216 were violated;

c.     To the extent to which California Labor Code Section 1197.1 penalties can only be had through California Labor Code Section 2699, there are 1197.1

penalties because less than minimum wage was paid for the time the Plaintiffs had to wait to be called to work while on-call.

61.    The above 8 PAGA violations per pay period are worth $1,600.00 in PAGA penalties per employee, per pay period. These violations go back a year before this charge was filed, and actually many more than four years.

62.    Pursuant to Labor Code Section 2699(f)(2), which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, Plaintiffs, on behalf of themselves and all similarly situated California employees of the named Defendant in the PAGA group seek recovery of civil penalties as follows:

a.    One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

b.    Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

63.    Plaintiffs' claim for California Labor Code Section 2699(f) and (g) remedies for any violation and/or remedy under California Labor Code 2699 are on Plaintiffs' behalf.

64.    Plaintiffs' claim for California Labor Code Section 2699(f) and (g) remedies are based upon the statute of limitations that exists under Section 2699.

SECOND AMENDED COMPLAINT

WHEREFORE, Plaintiffs pray for all costs of suit and for a jury to make determinations about Defendant's liability for all claims other than the Eight and the Ninth Claims for which the Court shall provide all equitable relief available including discouragement, restitution, and injunctive relief:

For All Claims:

1. For all costs and disbursements incurred in this suit;

2. For such other and further relief as the Court deems just and proper;

3. For interest including prejudgment interest, on all causes of action other than the Fifth, and statutory interest where allowed based upon the Claim pled;

For the First Claim:

4. For all unpaid minimum wages due as well as liquidated damages under California

Labor Code Section 1194.2 and 1197.1 and California Labor Code Section 558 penalties;

5. Attorney fees and costs under California Labor Code Section 1194;

\\

\\

\\

SECOND AMENDED COMPLAINT

For the Second Claim:

6.  All overtime and double time compensation due under California Labor Code Section 1194 as well as all overtime and double time compensation provided by California Labor Code Section 510;

7.  Attorney fees and costs under California Labor Code Section 1194;

For the Third Claim:

8.  For all available damages and penalties allowed for California controlled standby and/or reporting time;

9.  Attorney fees and costs under California Labor Code Section 218.5 and interest under Section 218.6;

For the Fourth Claim:

10. The reasonable value of the Plaintiffs' services not compensated for;

For the Fifth Claim:

11. For California Labor Code Section 226 penalties up to $4,000;

12. For injunctive Relief;

13. For attorney fees under California Labor Code Sections 226 and 218.5 as well as interest under California Labor Code Section 218.6;

For the Sixth Claim:

14. Reimbursement for cellular phone costs as alleged;

15. Attorney fees and costs under California Labor Code Section 2802c;


For the Seventh Claim:

16. For Labor Code Section 203 penalties equal to up to 30 days of all wages and benefits for each day all wages were not paid as required by California Labor Code Sections 201 and 203;

17. Attorney fees and costs under California Labor Code Section 218.5 and interest under Section 218.6;


For the Eighth Claim:

18. For all statutory remedies for each missed meal break under Labor Code Section 226.7, and the Industrial Welfare Commission Order Number 16-2001 Sections 11 and 12;

19. For statutory penalties for each missed meal break under the Industrial Welfare Commission Order Number 16-2001 Section 18;


For the Ninth Claim:

20. For all statutory remedies for each missed rest break under Labor Code Section

SECOND AMENDED COMPLAINT

226.7, and the Industrial Welfare Commission Order Number 16-2001 Sections 11 and 12;

21. For statutory penalties for each missed rest break under the Industrial Welfare Commission Order Number 16-2001 Section 18;

For the Tenth Claim:

22. For all equitable relief available including injunctive relief;

For the Eleventh Claim:

23. For all penalties provided under Labor Code Section 2699(f)(2);

24. For reasonable attorney's fees and costs pursuant to Labor Code Section 2699(g)(1).

Dated:  August 19, 2020                EMPLOYMENT LAWYERS GROUP


                                       By: _____
                                           ANN GULESER
                                           Attorneys for Plaintiffs
                                           NELSON CAMPBELL, and
                                           MARK VALLES

SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2021, this document was filed electronically and the notice of this filing was sent to the interested parties by the operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____

ANN GULESER

SECOND AMENDED COMPLAINT